UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIAN PADILLA OCHOA, individually and on behalf of all other persons similarly situated, | ECF CASE |
| Plaintiff, | No.: _____ |
| v. | CLASS AND COLLECTIVE ACTION COMPLAINT |
| IMPERIAL MOBILE CAR WASH INC. d/b/a "IMPERIAL HAND CAR WASH" and JOHN DOE a/k/a "DOMINO," Jointly and Severally, | JURY TRIAL DEMANDED |
| Defendants. | |

NATURE OF THE ACTION

1.      Plaintiff Adrian Padilla Ochoa ("Plaintiff") worked as car wash attendant for Defendants Imperial Mobile Car Wash Inc. d/b/a Imperial Hand Car Wash and John Doe a/k/a "Domino" (collectively "Defendants") from 2013[1] to February 2022.

2.      Plaintiff alleges on behalf of himself and other similarly situated current and former employees of Defendants, under Fed. R. Civ. P. 23 (a) and (b), that Defendants willfully violated the New York Labor Law by (i) failing to pay the minimum wage, (ii) failing to pay overtime premium pay, (iii) failing to pay spread-of-hours pay, (iv) unlawfully retaining gratuities; (v) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1; and (vi) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment.

3.      Plaintiff alleges on behalf of himself and other similarly situated current

_____

[1] All date ranges, times and rate of pay in the Complaint are based on Plaintiff's memory and good faith, best estimates.

and former employees of Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that Defendants willfully violated the FLSA by (i) failing to pay overtime premium pay, and (iii) unlawfully retaining gratuities.

4.      Plaintiff, on his behalf, alleges that Defendants retaliated against him, by terminating him, for engaging in protected activity of requesting the payment of his earned tips, violating the Labor Law.

<u>JURISDICTION AND VENUE</u>

5.      This Court also has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' FLSA claims under 29 U.S.C. § 216(b).

6.      Venue is proper in this district under 28 U.S.C. §§1391(b)(1) and (2): a substantial part of the events giving rise to the action occurred in this District; and Imperial Car Wash is a resident of this District.

7.      This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

<u>THE PARTIES</u>

8.      Plaintiff was and is, at all relevant times, adult individuals residing in Queens County, New York.

9.      Imperial Mobile Car Wash Inc. ("Imperial Car Wash") is a domestic business corporation, organized and existing under the laws of the State of New York

with its principal place of business at 69-03 Woodhaven Boulevard, Rego Park, New York, 11374.

10.     Imperial Car Wash is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Imperial Car Wash is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include detergents, car wax and car vacuum cleaners.

11.     Defendant John Doe a/k/a "Domino" ("Defendant Domino") owns, operates and controls Imperial Car Wash's day-to-day operations and management and jointly employed Plaintiff and other similarly situated employees at all relevant times.

12.     Each Defendant, either directly or indirectly, has hired and fired Plaintiff and other employees, controlled his work schedule and employment conditions, and determined his payment rate and method.

13.     Defendants employ more than 11 employees.

<u>STATEMENT OF FACTS</u>

14.     Imperial Car Wash is a car wash located at 69-03 Woodhaven Boulevard, Rego Park, New York, 11374. Imperial Car Wash provides car washing and detailing services and services anywhere from 450 to 800 cars per day.

15.     During all relevant times, Imperial Car Wash was and is open seven days a week. Its usual hours of operation are from 7:00 a.m. to 7:30 p.m. from Monday to Saturday and 7:00 a.m. to 7:00 p.m. on Sundays.

16.     Defendant Domino is an owner and principal of Imperial Car Wash. He worked daily at the car wash as a manager and supervised Plaintiff and his coworkers.

17.     Defendant Domino is regularly at the car wash, interacting with customers and employees; he instructs employees what to do; he has the authority to and does hire and fire employees, change employees' pay and employee's schedules; and he is required by law to keep records regarding his employees' hours worked and compensation.

Periods of Employment and Duties Performed[2]

18.     Defendants employed Plaintiff as a car wash attendant from 2013 to February 2022.

19.     As car wash attendant, Plaintiff was responsible for washing the cars with a brush, using soap and water, and vacuuming.

20.     During his employment with Defendants, Plaintiff generally worked with at least 10 other car wash attendants at any given time. From personally observing and speaking with them, Plaintiff knows that his coworkers performed the same primary duties as him, worked the same hours and were compensated in the same manner by Defendants.

21.     Based on the turnover rate he witnessed, Plaintiff estimates that Defendants employed at least 40 workers in the past six years.

_____

[2] These subject lines are included only for organizational purposes.

Days and Hours Worked

22.     During his employment, Plaintiff generally worked 6 days per week. However, during the weeks containing federal holidays, he worked 7 days a week.

23.     Plaintiff generally worked 5 days between Monday and Saturday, with Mondays or Wednesdays as his day off, from 7:00 a.m. to 7:30 p.m., with a 30-minute lunch break, working at least 12 hours a day and 60 hours per week.

24.     He also worked Sundays as his 6th day, usually working from 7:00 a.m.to between 2:30 p.m. to 5:30 p.m., with a 30-minute lunch break, averaging 8.5 hours per day, and further bringing his total hours worked to 68.5 hours per week.

25.     During federal holidays, including July 4th and Thanksgiving, Plaintiff worked 7 days a week, from 7:00 a.m. to 7:30 p.m., with a 30-minute lunch break, working at least 12hours per day and 84 hours per week.

26.     During Plaintiff's employment, other similarly situated employees also generally worked 6 days a week and 7 days a week during the weeks with federal holidays and kept the same schedule as him.

27.     During his employment with Defendants, Plaintiff regularly worked over 40 hours in any given week.

28.     During his employment with Defendants, Plaintiff regularly worked over 10 hours in any given day.

29.     From speaking with his coworkers and personal observations, Plaintiff knows that other car wash attendants were, like him, regularly scheduled to work and did, in fact, work more than 40 hours in a week and more than 10 hours per day.

Hourly Rate of Pay

30.     From 2013 to February 2022, Defendants paid Plaintiff $7.75 per hour for his straight time and overtime hours.

31.     Defendants failed to pay Plaintiff his overtime premium pay for the hours he worked over 40 per week.

32.     Defendants had no policy or practice in place for Plaintiff and his coworkers to clock-in or -out. However, Defendant Domino would keep a handwritten book writing in it when Plaintiff and his coworkers allegedly arrived and left work.

33.     During his employment, Defendants paid Plaintiff his wages only in cash.

Minimum Wage, Overtime and Spread-of-hours Violations

34.     During all relevant times, Defendants paid Plaintiff below the applicable state minimum wage requirements applicable to employers with 11 or more employees:

| Year | Plaintiff's Wage Rates | New York Labor Law Min. Wage |
|------|------------------------|------------------------------|
| 2016 | $7.75 | $9.00 |
| 2017 | $7.75 | $11.00 |
| 2018 | $7.75 | $13.00 |
| 2019 | $7.75 | $15.00 |
| 2020 | $7.75 | $15.00 |
| 2021 | $7.75 | $15.00 |
| 2022 | $7.75 | $15.00 |

35.     Although Plaintiff regularly worked more than 40 hours per week, Defendants did not pay him overtime premium pay: 1.5 times his regular hourly rate.

36.     For days that Plaintiff worked more than 10 hours in a day, Defendants did not pay him spread-of-hours pay: an extra hour at the minimum wage.

Stolen Tips

37.     Plaintiff and his coworkers regularly received cash and credit card tips from the car wash's customers.

38.     However, Defendants retained all of Plaintiff's and his coworker's tips for themselves and did not allow them to keep any of the tips left to them by the customers.

39.     Plaintiff estimates that on normal days, usually from Monday to Wednesday, he and each car wash attendant earned at least $25.00 to $35.00 tips each, per day. And, on busy days, usually from Thursday to Sunday, they earned at least $50.00 in tips each per day. However, Defendants kept all of these tips for themselves, and Plaintiff and his coworkers kept $0 tips per day.

40.     When Plaintiff complained about the stolen tips, Defendants ignored his complaints and sometimes cursed at him in English, shaming him for asking for his tips.

Labor Law Notice and Wage Statement Violations

41.     Defendants failed to provide Plaintiff and other similarly situated employees with the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when they were hired or at any point in their employment.

42.     Likewise, Defendants did not provide Plaintiff or the other similarly situated employees with any wage statement under N.Y. Lab. Law § 195.3 with any wage payment.

43.     Defendants did not post at the car wash a poster advising Plaintiff and other employees of his right to a minimum wage and overtime premium pay.

Retaliation Against Plaintiff

44.     In or around mid-January 2022, Plaintiff complained to Defendant Domino that he is stealing his tips.

45.     In or around mid-January 2022, Plaintiff told Defendant Domino that he was watching the news and heard that in New York City there is a right to at least some paid sick days off but that Defendants do not pay for any sick days for him and his coworkers. Plaintiff also complained that no paid or unpaid vacation days are allowed for Plaintiffs and his coworkers.

46.     In response, Defendant Domino cursed at Plaintiff in English and refused to change his policies.

47.     In or around February 2022, Plaintiff again complained to Defendant Domino that Defendants were taking the tips that belonged to him and other car wash attendants. Again, Defendant Domino appeared to be angry with Plaintiff.

48.     In February 2022, approximately a week after Plaintiff complained about Defendants' unlawful wage practices, Defendant Domino moved him from his car wash attendant duties to stand under constant running water at the end of the car wash in retaliation for his complaints.

49.     Plaintiff told Defendant Domino that he would get sick if he was constantly working in wet clothes in the middle of February, when the temperatures are cold, and that he wanted to go back to his position. But Defendant Domino told him "to put some gloves on" and that he has to keep working under the running water. When Plaintiff refused because gloves would not solve the fact that he has to work in wet clothes for 12.5 hours per day, Defendant Domino fired him.

50.     Defendants fired Plaintiff in retaliation for him complaining about their policy and practice of stealing their employees' tips and for not allowing their employees any sick days off.

51.    As a result of Defendants' retaliation against him, Plaintiff lost his employment.

<u>CLASS ACTION ALLEGATIONS</u>

52.    Plaintiff knows from speaking with them and observing them, that his coworkers, like him regularly worked more than 40 hours per week, were not paid overtime, were not paid at the statutory minimum wage, were not provided with required notices under the Labor Law, were not paid spread-of-hours pay and had their tips stolen.

53.    Plaintiff asserts these allegations and claims on his own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and have employed who were car wash attendants, car detailers and other comparable positions with different titles, at any time since August 2, 2016 to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law (the "Class Members").

54.    The Class Members identified above are so numerous that joinder of all Members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole control, upon information and belief, more than 20 Class Members exist.

55.    Plaintiff's claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

56.     Defendants have acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

57.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

58.     Plaintiff has the same interest in this matter as all other Class Members and his claims are typical of Class Members'.

59.     Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including:

a.     whether Defendants employed Plaintiff and the Class Members, individually or jointly, within the meaning of the Labor Law;

b.     whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

c.     what proof of hours worked is sufficient where employers fail in his duty to maintain time records;

d.     whether Defendants failed or refused to pay the Class Members minimum wages, overtime premium pay for all hours worked in excess of 40 hours per workweek, and spread-of-hours pay;

e.     whether Defendants made unlawful deductions from the Class Members' wages;

f.     whether Defendants failed to provide the Class Members with wage notices and wages statements under Labor Law §§ 195.1 and 195.3;

g.      whether Defendants withheld tips and/or gratuities within the meaning of the Labor Law, violating Labor Law § 196-d;

h.      whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Plaintiff and the Class Members are employed;

i.      whether the individual Defendants participated in the day-to-day management of the car wash and are "joint employers" and liable to Plaintiff and the Class Members;

j.      whether Defendants are liable for all damages claimed hereunder, including interest, costs and disbursements and attorneys' fees; and

k.      whether Defendants should be enjoined from such violations of the Labor Law in the future.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

60.     Under 29 U.S.C. § 206, Plaintiff seeks to assert these allegations and claims as a collective action:

> All persons whom Defendants employ and have employed who were car wash attendants, car detailers and other comparable positions with different titles, at any time since August 2, 2019 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA (the "Collective Action Members").

61.     Plaintiff and the Collective Action Members are similarly situated on several legal and factual issues, including:

a.      whether Defendants employed the Collective Action Members within the meaning of the FLSA;

b.      whether the Collective Action Members performed similar duties;

        c.      whether Defendants failed to keep true and accurate time records for all hours Plaintiff and the Collective Action Members worked;

        d.      what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

        e.      whether Defendants willfully or recklessly violated the FLSA;

        f.      whether Defendants failed to pay the Collective Action Members minimum wages and overtime compensation for hours worked in excess of 40 hours per workweek, violating the FLSA and the regulations promulgated thereunder;

        g.      whether Defendants should be enjoined from such violations of the FLSA in the future; and

        h.      whether the statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

FIRST CAUSE OF ACTION
FAILURE TO PAY OVERTIME PREMIUM PAY
UNDER THE FLSA
(On Behalf of Plaintiff and the Collective Action Members)

62.    Plaintiff realleges every preceding allegation as if set forth fully herein.

63.    Plaintiff, through his counsel, consents to be a party to this action under 29 U.S.C. §216(b).

64.    At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and the Collective Action Members within the meaning of the FLSA.

65.    Defendants were required to pay Plaintiff and the Collective Action Members no less than 1.5 times the regular rate at which they were paid for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

66.     Defendants failed to pay Plaintiff and the Collective Action Members 1.5 times their regular rate of pay for all hours worked over 40 per week.

67.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making his violations willful or reckless.

68.     Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff and the Collective Action Members' compensation.

69.     Defendants have failed to make, keep and preserve records with respect to his employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

70.     In failing to properly compensate Plaintiff and the Collective Action Members for all compensable hours worked, Defendants violated the FLSA and the regulations thereunder, including 29 C.F.R. §§ 785.13, 785.11.

71.     Due to Defendants' violations of the FLSA, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime wages, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest and such other legal and equitable relief as this Court deems just and proper.

SECOND CAUSE OF ACTION
FAILURE TO PAY THE MINIMUM WAGE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Action Members)

72.     Plaintiff realleges every preceding allegation as if set forth fully herein.

73.     Defendants are "employers" within the meaning of Labor Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor regulations and employed Plaintiff and the Class Members.

74.     The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor regulations apply to Defendants and protect Plaintiff and the Class Members.

75.     Under the Labor Law and supporting New York State Department of Labor regulations, Defendants were required to pay Plaintiff and the Class Members the statutory minimum wage.

76.     Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor regulations. 12 N.Y.C.R.R. § 137-2.3, *et seq.*

77.     Defendants failed to furnish Plaintiff and the Class Members a statement with every wage payment listing the correct hours worked, rates paid, allowances taken, gross wages, violating the Labor Law and supporting New York State Department of Labor regulations. 12 N.Y.C.R.R. § 137-2.2, *et seq.*

78.     Defendants failed to pay the Class Members the statutory minimum wage for each hour worked, making them liable for those hours at the statutory minimum wage.

79.     Defendants are accordingly liable to Plaintiff and the Class Action Members for the unpaid hourly minimum wage for all the hours worked.

80.     Defendants have willfully violated the Labor Law by knowingly and intentionally failing to pay the Class Members the minimum wage.

81.     Due to Defendants' Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY THE OVERTIME PREMIUM PAY
### UNDER THE NEW YORK LABOR LAW
#### (On Behalf of Plaintiff and the Class Action Members)

82. Plaintiff realleges every preceding allegation as if set forth fully herein.

83. Under the Labor Law and supporting New York State Department of Labor regulations, Defendants were required to pay Plaintiff and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40 per workweek.

84. Defendants failed to pay her the overtime wages to which she was entitled, violating N.Y. Lab Law § 650 and Part 142, § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

85. In failing to compensate Plaintiff and the Class Members for all compensable hours worked, Defendants violated the Labor Law and the regulations thereunder, 12 N.Y.C.R.R. §§ 142-2.2.

86. Due to Defendants' Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

<u>FOURTH CAUSE OF ACTION</u>
FAILURE TO PAY SPREAD-OF-HOURS PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Action Members)

87.     Plaintiff realleges every preceding allegation as if set forth fully herein.

88.     Defendants failed to pay Plaintiff and the Class Members additional compensation for one hour's pay at the basic minimum hourly wage for each day during which they worked more than 10 hours (i.e., "spread-of-hours pay"), violating 12 N.Y.C.R.R. § 142-2.4

89.     By failing to pay Plaintiff and the Class Members spread-of-hours pay, Defendants have willfully violated the New York Lab. Law Article 19, §§ 650 et seq. and the supporting New York State Department of Labor regulations.

90.     Due to Defendants' Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours wages, statutory liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.1 NOTICE
### UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Action Members)

91.     Plaintiff realleges every preceding allegation as if set forth fully herein.

92.     Defendants have willfully failed to supply Plaintiff and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under Labor Law § 195.1(a) within ten business days of their first employment date.

93.     Due to Defendants' violations of Labor Law § 195.1, Plaintiff and the Class Members are entitled to recover from Defendants $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. New York. Lab. Law § 198(1)-b (2016).

<u>SIXTH CAUSE OF ACTION</u>
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Action Members)

94.    Plaintiff realleges every preceding allegation as if set forth fully herein.

95.    Defendants have willfully failed to supply Plaintiff and the Class Members with the required statement with every payment of wages, violating Labor Law § 195.3.

96.    Due to Defendants' violations of N.Y. Lab Law § 195.3, Plaintiff and the Class Members are entitled to recover from Defendants $250.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-d (2016).

<u>SEVENTH CAUSE OF ACTION</u>
RETALIATION UNDER THE LABOR LAW
(On Behalf of Plaintiff)

97.     Plaintiff realleges every preceding allegation as if set forth fully herein.

98.     Plaintiff is an employee under N.Y. Lab. Law § 215.

99.     Defendants are employers under N.Y. Lab. Law § 215.

100.    Plaintiff complaining about stolen tips to Defendants and requesting to be paid his earned tips, constitutes protected activity under the Labor Law.

101.    Because he complained about Defendants' failing to pay their employees tips, Defendants removed Plaintiff from his regular position and put him in unbearable working conditions making him work under constantly running water during cold weather in the winter and then terminated his employment, violating N.Y. Lab. Law § 215.

102.    Due to Defendants' violations of the Labor Law, Plaintiff is entitled to recover from Defendants punitive damages, reasonable attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class and Collective Action Members, respectfully request this Court grant the following relief:

a.      Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Rule 23 Class Members and appointing Plaintiff and his counsel to represent the Class Members;

b.      Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all Putative Collective Action Members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members and tolling of the statute of limitations;

c.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

d.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.      An award for unpaid minimum wage under the Labor Law;

f.      An award for unpaid overtime premium pay under the Labor Law and the FLSA;

g.      An award for unpaid spread-of-hours pay under the Labor Law;

h. An award for failing to provide the N.Y. LAB. LAW § 195.1 Notice;

i. An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

j. An award of liquidated damages as a result of Defendants' Labor Law violations;

k. An award of liquidated damages as a result of Defendants' willful FLSA violations;

l. Such other and further relief as this Court deems just and proper An award for unlawfully retained gratuities under the Labor Law and the FLSA;

m. An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

n. An award of liquidated and punitive damages as a result of Defendants' Labor Law violations;

o. An award of liquidated damages as a result of Defendants' willful FLSA violations;

p. Equitably tolling the statute of limitations under the FLSA;

q. An award of pre-judgment and post-judgment interest;

r. An award of back and front pay;

s. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

t. Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
August 2, 2022

LIPSKY LOWE LLP

<u>s/ Douglas B. Lipsky   </u>
Douglas B. Lipsky
Milana Dostanitch
420 Lexington Avenue, Suite 1830
New York, New York 10170-1830
212.392.4772
doug@lipskylowe.com
milana@lipskylowe.com