UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
ADRIAN PADILLA OCHOA,

                         Plaintiff,

    -against-

IMPERIAL MOBILE CAR WASH INC., *et al.*,

                       Defendants.
-------------------------------------------------------------------- x

<u>REPORT AND
RECOMMENDATION</u>

22-CV-4579 (RER)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

      Plaintiff Adrian Padilla Ochoa, through counsel, brought this wage and hour action against Defendants Imperial Mobile Car Wash Inc. ("Imperial") and Dominick Oddo, alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law, N.Y. Lab. Law §§ 190 and 650 *et seq.* (*See generally* Am. Compl., ECF No. 13.)[1] The Court later granted Plaintiff's counsel's motion to withdraw and Plaintiff eventually retained new counsel. (Nov. 1, 2023 Order; Notice of Appearance, ECF No. 31.) Before the Court is Defendants' letter motion to dismiss the action for failure to prosecute, which Plaintiff opposes. (Defs.' Mot., ECF No. 32; Pl.'s Opp., ECF No. 33; Defs.' Reply, ECF No. 34.) The Honorable Ramon E. Reyes, Jr. referred the motion for report and recommendation. (*See* Jan. 13, 2025 Ref. Order.) For the reasons set forth below, the Court respectfully recommends that the motion should be **granted**.

---

[1] All citations to documents filed on ECF are to the ECF document number and pagination in the ECF header unless otherwise noted.

I.  **BACKGROUND**

Plaintiff filed the Complaint on August 3, 2022, against Imperial and a John Doe defendant known as "Domino." (Compl., ECF No. 1). At that time, Plaintiff was represented by the law firm Lipsky Lowe LLP. (*See id.* at 23.) Plaintiff served the summons and Complaint on Imperial on August 12, 2022. (*See* ECF No. 5.) After Imperial failed to answer or otherwise respond to the Complaint, the Clerk of Court entered default, upon Plaintiff's request. (ECF No. 9.)

Defendants then appeared through counsel on November 9, 2022, and moved to set aside the entry of default, which the Court granted under the standards set forth in *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). (*See* Notice of Appearance, ECF No. 11; Nov. 17, 2022 Order.) Plaintiff amended the Complaint to replace John Doe with Oddo; in their Answer, Defendants denied the allegations and asserted affirmative defenses. (Am. Compl., ECF No. 13; Answer, ECF No. 14.) On December 9, 2022, the Court referred the parties to Court-annexed mediation and ordered them to exchange limited discovery to facilitate settlement discussions. (FLSA Mediation Ref., ECF No. 15.) The parties reported substantial progress with mediation. (ECF No. 17 at 1.)

In May 2023, while parties were still engaged in mediation, Plaintiff's counsel requested an *ex parte* hearing with Plaintiff to discuss matters that implicated Plaintiff's attorney-client relationship and potential settlement. (*See* ECF No. 18 (sealed).) On May 18, 2023, the Court conducted a lengthy *ex parte*, sealed proceeding with Plaintiff and counsel, during which Lipsky Lowe LLP attorney Bayron Flores Tapia translated the proceedings into Spanish for Plaintiff. (*See* May 18, 2023 Min. Entry; Tr., ECF No. 24 (sealed).) Despite additional discussions, the mediation was unsuccessful. (June 30, 2023 Report of Mediation.)

On August 16, 2023, Plaintiff's counsel moved to withdraw, citing an "irretrievably broken down" attorney-client relationship and "irreconcilable differences between Plaintiff and [his counsel] with respect to case strategy[.]" (Lipsky Decl., ECF No. 23-1 ¶¶ 2, 20.) The parties appeared for a hearing on October 31, 2023 and, with the defense's consent, the Court conducted another lengthy *ex parte* proceeding with Plaintiff and his counsel. (*See* Oct. 31, 2023 Min. Entry.) Attorney Flores Tapia again served as a translator for Plaintiff. (*See id.*) On the record, the Court preliminarily granted counsel's motion and stayed all proceedings until December 15, 2023 to allow Plaintiff to retain new counsel or to instruct the Court in writing that he intended to proceed *pro se*. (*See id.*; Nov. 1, 2023 Order.) The Court further advised Plaintiff that if he did not timely obtain new attorneys or inform the Court that he wished to represent himself, then this case may be dismissed for failure to prosecute. (*See* Oct. 31, 2023 Min. Entry.) The Court memorialized its decision in an Order and directed Lipsky Lowe to serve Spanish and English versions of the Order on Plaintiff. (Nov. 1, 2023 Order.) Lipsky Lowe complied with this directive (ECF No. 26), but Plaintiff failed to submit anything to the Court by the deadline. The Court nonetheless *sua sponte* extended Plaintiff's response deadline to December 27, 2023. (Dec. 21, 2023 Order.) Plaintiff's counsel again served both English and Spanish versions of the Court's order to Plaintiff. (ECF No. 27.)

Two weeks later, on January 5, 2024, Plaintiff moved *pro se* to appoint counsel, stating that he "do[es] not speak English" and that his "previous lawyer [*i.e.*, the attorneys at Lipsky Lowe] gave me the address of the Court to request a lawyer to represent me however it is very complicated for me." (ECF No. 29 at 1.) The Court denied Plaintiff's motion without prejudice because "there is no right to counsel in a civil case," and the "Court cannot compel an attorney to represent a litigant in a civil case without a fee." (Jan. 25, 2024 Order.) Lipsky

3

Lowe, for the last time, served both English and Spanish copies of the Court's Order to Plaintiff. (ECF No. 30.) On January 29, 2024, the Court granted Lipsky Lowe's motion to withdraw and terminated the firm as counsel of record. (Jan. 29, 2024 Order.)

Following this Order, Plaintiff did not take any action to prosecute this case for several months. On May 8, 2024, the Court directed Plaintiff to submit a letter by May 22, 2024, stating his next intended steps in the case by mailing a letter to this district's Pro Se Office or risk dismissal of the case for failure to prosecute. (May 8, 2024 Order.) This Order was mailed to Plaintiff at the address provided on the docket. After two months of inactivity, on July 22, 2024, attorney Lina Stillman appeared on Plaintiff's behalf. (ECF No. 31.) The same day, Defendants filed the instant motion, arguing that Plaintiff's failure to comply with the Court's May 8, 2024 Order warranted dismissal. (Defs.' Mot., ECF No. 32.) Plaintiff opposed the motion, responding that Plaintiff's delay resulted from "challenges" in obtaining counsel, not a lack of desire to prosecute. (Pl.'s Opp, ECF No. 33 at 1.) Defendants replied that Plaintiff had notice of the consequences of failing to prosecute the case and failed to comply. (Defs.' Reply, ECF No. 34.)

## II.    DISCUSSION

As a threshold matter, Defendants' motion is governed by Rule 41(b), which "authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Fed. R. Civ. P. 41(b)); *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (finding that the power to dismiss for failure to prosecute "while explicitly sanctioned by Rule 41(b) has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly

4

and expeditious disposition of cases.") (cleaned up).  In determining whether to dismiss a plaintiff's case pursuant to Rule 41(b), the court considers: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste*, 768 F.3d at 216. "No single factor is generally dispositive." *Id.*

After carefully reviewing the record and considering the *Baptiste* factors, the Court finds sufficient grounds for dismissal of this action.

### A. Compliance with Court Orders

With respect to the first factor, Plaintiff's failure to comply with multiple court orders in this action weighs in favor of dismissal.  *See Lewis*, 564 F.3d at 576 (collecting cases where failure to comply with scheduling or other orders warrants dismissal).  *First*, Plaintiff failed to comply with the Court's order to submit a letter by December 15, 2023 regarding his intentions to proceed with counsel or *pro se*.  (Nov. 1, 2023 Order.)  *Second*, Plaintiff disregarded the Court's directives again after the deadline was extended to December 27, 2023.  (Dec. 21, 2023 Order.)  Plaintiff finally responded on January 5, 2024, to request the appointment of counsel.  (*See* ECF No. 29 at 1.)  Liberally construed, the motion for appointment of counsel was Plaintiff's attempt to respond to the Court's earlier directives because it informed the Court that he intended to proceed with counsel.  However, after the Court denied the motion, Plaintiff did not take any action to prosecute his case.  After five months of inactivity, the Court gave Plaintiff one more opportunity to respond, this time by May 22, 2024.  (*See* May

5

8, 2024 Order). Instead, after another two months of inactivity, counsel finally appeared on Plaintiff's behalf on July 22, 2024. (*See* Notice of Appearance, ECF No. 31.) Thus, this factor supports dismissal.

### B. Notice

As for the second factor, Plaintiff was on notice from the Court and counsel that failure to participate in this case could result in dismissal. *See Baptiste*, 768 F.3d at 218–19 (reversing *sua sponte* dismissal in part because "the district court's orders did not provide clear guidance on how [plaintiff] could avoid dismissal"). The Court advised Plaintiff the responsibilities and obligations of appearing *pro se* in a civil case and warned three separate times—including once over video with a translator present—that failure to timely comply with Court orders would result in a recommendation to dismiss this action for failure to prosecute. (Oct. 31, 2023 Min. Entry; Nov. 1, 2023 Order; Dec. 21, 2023 Order.) Notwithstanding those notices and opportunities to be heard, Plaintiff failed to respond to the Court's order to submit a letter stating his next intended steps to prosecute the case, and only belatedly appeared through counsel. No further activity in the case has ensued. Therefore, this factor also weighs in favor of dismissal.

### C. Prejudice to Defendants

The third factor also supports dismissal. The Court notes that Plaintiff's clashes with prior counsel delayed what appeared to be an imminent settlement in this case, thus prejudicing Defendants by having to litigate this action. *See Leybinsky v. United States Citizenship & Immigr. Servs.*, No. 19-CV-6154 (RPK)(LB), 2020 WL 7295661, at *3 (E.D.N.Y. Dec. 2, 2020) (noting that courts may presume such prejudice when the petitioner has caused an unreasonable delay). Further, Defendants have been prejudiced because Plaintiff has failed to

6

take any action in this case for months at a time, including since July 2024, resulting in unreasonable delays.

### D. Balance of Interests

The fourth factor also slightly favors dismissal. While there is no "compelling evidence of an extreme effect on court congestion," *Baptiste*, 768 F.3d at 218, the Court cannot conclude that Plaintiff has any interest in being heard in this forum. Plaintiff was absent from this case between January 2024, when his motion to appoint counsel was denied, and May 2024, when counsel appeared. (*See* Jan. 25, 2024 Order.) Since then, Plaintiff has taken no action to prosecute this case. "It is not an efficient use of the Court's or [Defendants'] resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." *Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013). This factor therefore weighs in favor of dismissal.

### E. Other Available Sanctions

Finally, there appears to be no sanction available other than dismissal where, as here, Plaintiff has failed to prosecute the claims at all, despite the Court's warnings. "The fact that a party continues to disregard a Court Order after being warned that noncompliance may result in dismissal undermines the efficacy of lesser sanctions." *Park v. Kim*, No. 20-CV-2636 (PKC)(LB), 2022 WL 4229258, at *8 (E.D.N.Y. Apr. 25, 2022) (citing *Tian v. Ollies 42nd LLC*, No. 15-CV-5499(PKC), 2016 WL 6900684, at *3 (S.D.N.Y. Nov. 22, 2016)), *R. & R. adopted*, No. 20-CV-2636 (PKC), 2022 WL 3643966 (E.D.N.Y. Aug. 24, 2022), *aff'd*, 91 F.4th 610 (2d Cir. 2024). "This is particularly true when that party was given multiple opportunities to comply with the Court's Order[s] but still fails to do so." *Id.*

### III. CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Defendants' motion to dismiss at ECF No. 32 should be **granted** and this action should be dismissed with prejudice.

A copy of this Report and Recommendation is being served on all parties via ECF. In an abundance of caution, the Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation and the summary docket sheet to Plaintiff at the mailing address listed on the docket: Adrian Padilla Ochoa, 88-32 162 St., Jamaica, NY 11432.

Within 14 days of service, a party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Reyes. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
March 12, 2025

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge